UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Council on American-Islamic Relations Action Network, Inc., a/k/a CAIR, a D.C. nonprofit corporation, et al.,**

       **Plaintiffs,**

  vs.

**Deborah K. Schlussel, an individual, CAIR Michigan, Inc., d/b/a CAIR, CAIR-MICHIGAN, CAIR MICH CAIR MI, et al.,**

       **Defendants.**
_____/

Civil Action No.: 11-CV-10061

District Judge Avern Cohn

Magistrate Judge Mona K. Majzoub

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL [56] AND DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER [58]

This matter comes before the Court on Defendants Deborah Schlussel and CAIR MICHIGAN, Inc., et al.'s Motion to Compel (Docket no. 56) and Plaintiffs Council on American-Islamic Relations Action Network Inc., et al.'s Motion for Protective Order (Docket no. 58). Plaintiffs filed a Response to Defendants' Motion to Compel (Docket no. 57), and Defendants filed a Reply (Docket no. 60). Defendants filed a Response to Plaintiffs' Motion for Protective Order (Docket no. 61), in which Defendants rely significantly on their Reply in support of their Motion to Compel. Plaintiffs then filed a Reply in support of their Motion for Protective Order (Docket no. 62), which primarily responds to Defendants' Reply in support of their Motion to Compel. The Parties filed a Joint Statement of Unresolved Issues, which somewhat narrowed the issues before the Court. (Docket no. 65.) Discovery matters in this case have been referred to the undersigned for decision. (Docket no. 54) The Court dispenses with oral argument pursuant to E.D. Mich. LR

7.1(e). The Motions are now ready for ruling.

**I.     Background**

In their four-count complaint, Plaintiffs allege that Defendants violated federal and state trademark laws through trademark infringement and unfair competition. (Docket no. 2.) Plaintiffs allege that Defendant Schlussel registered the name CAIR Michigan, Inc. and several assumed names in an attempt to spread anti-Islamic sentiment. (*Id.* at 5-6.) Plaintiffs also allege that Defendant Schlussel (and her various entities, i.e. the remaining Defendants) began using CAIR trademarks in an effort to confuse the public and trade off of Plaintiffs' goodwill. (*Id.* at 11-14.)

In their Motion to Compel, Defendants assert that Plaintiffs have failed to respond to Defendants' Interrogatories and Requests for Production of Documents. Plaintiffs do not dispute that Defendants are entitled to documents responsive to proper requests; instead, Plaintiffs contend that many–if not all–of the requests are "irrelevant, vague, ambiguous, burdensome, or repetitive." (Docket no. 57 at 1.) Plaintiffs argue that the requests, as a whole, are only intended to burden and harass. (*Id.*)

The controversy before the Court turns on the form of Defendants' discovery requests. Every one of Defendants' discovery requests copies–verbatim–a paragraph from Plaintiffs' Complaint or from Defendants' Answers and Affirmative Defenses and asks Plaintiffs to "identify and produce a copy of each and every document/thing that Plaintiffs contend support this [claim or denial]." (*See, e.g.*, *id.* at 7-9.) Defendants argue that these requests "are standard 'contention requests' employed by nearly every party during discovery." (Docket no. 60 at 1 (emphasis in original).)

Additionally, Defendants argue that Plaintiffs have waived all objections to Defendants' Motion to Compel by not signing the discovery response under Rule 26(g). (Docket no. 56 at 3.)

Plaintiffs have not responded to this argument.

As the parties set forth in their Joint Statement, the following issues remain before the Court:

a. regarding Defendants' Requests for Production Nos. 7, 20, 30-31, 47, 59, 63-66, 69, 99, 102-103, and 112, the Court must determine (1) whether Plaintiffs have waived their objections by failing to sign their Response to Defendants' RFP, and (2) whether Plaintiffs are entitled to their requested Protective Order; and

b. regarding Defendants' Requests for Production Nos. 1-6, 8-11, 13-19, 21-22, 24-26, 33-46, 48-58, 60-62, 67-68, 70-98, 100-101, and 113-117, the Court must determine (1) whether Plaintiffs have waived their objections by failing to sign their Response to Defendants' RFP, (2) whether Plaintiffs are entitled to their requested Protective Order, and (3) whether Plaintiffs must serve a Third Supplemental Answer to Defendants' RFP to clarify their response in Plaintiffs' Second Supplemental Answer to Defendants' RFP.[1]

## II.  Governing Law

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence

---

[1] Defendants acknowledge that they only received Plaintiffs' Second Supplemental Answer to Defendants' RFP less than 48 hours before the Parties' Joint Statement was due. (Docket no. 65 at 5.) This "third issue" that the Parties place before the Court was not included in Defendants' Motion to Compel and neither Party has fully briefed the issue; thus, the Court will not address this matter and will allow the Parties to file further Motions should the need arise. Therefore, the issues before the Court on all of Defendants' RFPs are identical.

to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust . Fed.R.Civ.P. 37(A)(5)(a).

**III.    Analysis**

   **A.    Defendants' Motion to Compel**

Throughout their briefs, Defendants rest on the implied assertion that "<u>standard</u> 'contention requests'" are per se acceptable under the Federal Rules of Civil Procedure. Yet Defendants provide no authority for such a presumption. Indeed, while this may be common practice, many courts that have been presented with the issue of the appropriateness of such requests have rejected similar arguments. *See, e.g.*, *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 330-331, 333 (N.D. Cal. 1985) (finding that the contention interrogatories at issue violated the spirit of Rule 26 and that "no party has an absolute right to have answers to contention interrogatories")*; Caban*

*v. Sedgwich Co. Sheriff's Dept.*, No. 98-1196, 2000 WL 1480481, at *7 (D.Kan. May 18, 2000) (analyzing each of the parties "contention requests" individually for burden and relevance); *Bonilla v. Trebol Motors Corp.,* No. 92-1795, 1997 WL 178844, at *65 (D. Puerto Rico, Mar. 27, 1997) (stating that "[c]ontention requests [to produce documents] are improper as a matter of law" even though "contention interrogatories are allowed"), overruled on other grounds by *Bonilla v. Volvo Car Corp.*, 150 F.3d 88 (1st Cir. (Puerto Rico) Jul 28, 1998). The *Convergent Technologies* court's discussion on this matter is particularly enlightening:

> The discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of Civil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.
>
> . . .
>
> . . . Such comprehensive sets of contention interrogatories can be almost mindlessly generated, can be used to impose great burdens on opponents, and can generate a great deal of counterproductive friction between parties and counsel. Moreover, at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions, early in the pretrial period, is sufficiently likely to be productive to justify the burden that responding can entail.

*Convergent Technologies*, 108 F.R.D. at 331, 338-39. Likewise, this Court does not believe that forcing Plaintiffs to respond to contention requests for documents in this matter would be sufficiently productive to justify the burden that responding would entail.

As Plaintiffs note, Defendants are entitled to receive documents that support Plaintiffs' claims. (Docket no. 57 at 1.) But requests for production must describe with "reasonable particularity each item or category of items to be inspected." Fed.R.Civ.P. 34. Simply quoting

paragraphs of Plaintiffs' Complaint and Answer to Defendants' Affirmative Defenses fails to meet this requirement.[2] Defendants argue that if any lack of specificity or clarity exists, it is because Plaintiffs' Complaint is poorly drafted, and "it is *not* Defendants' burden to re-draft Plaintiffs' Amended Complaint as part of the discovery process." (Docket no. 60 at 8 (emphasis in original).) But it *is* Defendants' burden to use common sense in drafting their discovery requests. For example, Request Nos. 1-3 ask for Plaintiffs to support their allegations that (1) the Court has personal jurisdiction over Defendants; (2) that Plaintiffs share a principal place of business and are "America's largest Muslim civil liberties and advocacy organization;" and (3) that Plaintiffs' mission is what Plaintiffs claim it to be. (*See* Docket no. 56, exhibit 3 ¶¶ 1-3.) Instead of clarifying what documents they are seeking, Defendants merely quote Plaintiffs' Complaint and expect Plaintiff to respond appropriately. On closer inspection, it appears that Defendants are actually looking for documents responding to the allegations that *Defendants* raise in their Answer and Affirmative Defenses; that is, responses to Defendants' legal argument regarding jurisdiction and their allegations of Plaintiffs' declining membership and terrorist ties. (*See* Docket no. 16 ¶¶ 2, 5, 6.)

The Court acknowledges that Defendants took great care in drafting their briefs regarding this matter. For example, Plaintiffs argued in their Response to Defendants' Motion to Compel that Request Nos. 16, 77, 78, 108, and 92, were "identical." (Docket no. 57 at 11-12.) In their Reply in Support of Defendants' Motion to Compel, Defendants clearly and concisely described the subtle differences between these requests and described with *precise* particularity the exact documents that

---

[2]The Court is particularly troubled by Defendants' quoted passages that refer to Plaintiffs' denials of Defendants' Affirmative Defenses. In these RFPs, Defendants ask Plaintiffs to provide documents that *disprove Defendants' allegations* without specifying what documents or things Defendants expect to receive.

Defendants were requesting. (Docket no. 60 at 10.) Thus, it is apparent from Defendants briefs that the "contention requests" are not the result of "standard [practice] employed by nearly every party" or "Plaintiffs' own failure to have drafted an Amended Complaint that complies with the Federal Rules of Civil Procedure." (Docket no. 60 at 1, 8.) Instead, the Court believes that Defendants' deliberate discovery strategy was to "mindlessly generate" these contention requests. Therefore, because Defendants have failed to comply with Rule 34 and did not state with "reasonable particularity each item or category of items to be inspected," the Court will deny Defendants' Motion to Compel.[3] Because Plaintiffs have responded to several of the requests and because the Parties have resolved some of the issues in this matter, the Court will not strike Defendant's First Request for Production of Documents in its entirety. Instead, the Court will order that Plaintiffs need not answer any outstanding document requests related to Defendant's First Request for Production of Documents as of the date of this Opinion and Order. Any revised Requests for Production of Documents must be served by Defendants no late than October 20, 2012.

**B.     Plaintiffs' Motion for Protective Order**

Plaintiffs argue that Defendant's discovery requests are nothing more than a "calculated [attempt] to oppress and harass Plaintiffs." (Docket no. 58 at 1.) Relying on the same arguments raised in opposition to Defendants' Motion to Compel, Plaintiffs request that the Court (1) limit Defendants' requests to no more than 25 requests, (2) prohibit Defendants from making repetitive, irrelevant, or ambiguous requests, (3) limit the scope of Defendants' requests to a "one year [period] prior to the data of Defendants CAIR Michigan, Inc. and CAIR Detroit, Inc.'s incorporation," and (4) require Defendants to reimburse Plaintiffs for expenses and reasonable attorney's fees related

---

[3]The Court does not address the Parties arguments related to relevance, vagueness, burden, or duplicity arguments individually as the Court finds Defendants' First Request for Production of Documents deficient as a whole.

to this Motion.

Although Defendants' First Request for Production of Documents violates the spirit of Rule 26 and fails to comply with Rule 34's reasonable-particularity requirement, Plaintiffs are not entirely without fault in this matter. The burden to act responsibly, be practical, and use common sense falls on both parties. *See Convergent Technologies*, 108 F.R.D. at 331.

Common sense dictates that Defendants are seeking documents supporting Plaintiffs' allegations, and Plaintiffs are in the best position to determine which documents fulfil these requests. Nevertheless, Plaintiffs responded to most of Defendants' discovery requests by stating that "Defendants [were] in possession of the [documents]" or that Defendants "[had] the same access to [the documents] as Plaintiffs." (*See* docket no. 60 at 5.) As Defendants note, had Plaintiffs explained to Defendants that no additional documents existed or described the documents to which they were referring, many of the issues now before the Court could have been resolved. (*See id.*)

Moreover, many of Plaintiffs' chief arguments relate to "duplicity." Plaintiffs assert that several blocks of Defendants' Requests are identical. (*See* docket no. 57 at n.6, n.8, n.9, n.10, and n.11.) Defendant suggests otherwise, but even assuming, arguendo, that Plaintiffs' assertions are correct, Plaintiffs could have (as Defendants suggest) responded to a single instance of the repetitive requests and then responded to the later requests by stating, "See documents produced in response to Defendants' RFP No. 'X' above." (Docket no. 60 at 9.)

Because Plaintiffs bear some responsibility in this discovery dispute, and because Defendants are entitled to documents setting forth Plaintiffs' alleged proofs, the Court will deny Plaintiffs'

Motion for a Protective Order.[4, 5]

### C. Plaintiffs' Failure to Sign Discovery Responses

Fed.R.Civ.P. 26(g) provides that every discovery response "must be signed by at least one attorney of record." Fed.R.Civ.P. 26(g)(1). This signature "certifies that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry," the response or objection is, among other things, consistent with the discovery rules and warranted by existing law. *Id.* If a discovery response is served with no signature, the "[o]ther parties have no duty to act on [the] response[] or objection until it is signed, and the court *must* strike it unless a signature is promptly supplied." Fed.R.Civ.P. 26(g)(2).

The Court finds that Plaintiff's counsel violated Rule 26(g)(2) by failing to sign Plaintiffs' Response to Defendants' First Request for Production of Documents. (Docket no. 56, ex. 3). Nevertheless, Defendants acknowledge that Plaintiffs have provided documents responsive to Defendants' requests (docket no. 65), and the Parties would still be before the Court on issues related to the instant dispute even if Plaintiffs' counsel had signed the Response. Moreover, because the Court will deny Defendants' Motion to Compel and will order that Plaintiffs need not respond to any remaining requests, any outstanding objections to Defendants' requests are moot. Therefore, the Court will Order Plaintiffs' Counsel to sign any outstanding discovery responses (assuming that certification remains appropriate) on or before October 20, 2012, so that Defendants may rely upon

---

[4]The Court denies Plaintiffs' Motion to prohibit Defendants from making repetitive, irrelevant, or ambiguous requests because the Rules already prohibit such requests.

[5]The Court denies Plaintiffs' Motion to limit the scope of time for relevant documents because, as Defendants argue, several of Plaintiffs' allegations and claims rely on the authorization and use of Plaintiffs' alleged trademarks before the time frame requested in Plaintiffs' Motion; denying Defendants' discovery of these documents would be improper. (*See* Docket no. 62 at 2-3.) This Order does not prohibit Plaintiffs from filing a more specific Motion for Protective Order in the future *if* Defendants request *irrelevant* documents.

Plaintiff's previously submitted responses and act accordingly.[6]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is **DENIED.** Plaintiff need not answer any outstanding document requests related to Defendants' First Request for Production of Documents as of the date of this Opinion and Order. If Defendant desires to serve a revised Request for Production of Document in compliance with Rule 34, Defendant must serve Plaintiff with such a request no later than October 20, 2012.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Protective Order is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' counsel must sign any outstanding, unsigned discovery responses on or before October 20, 2012 (assuming that certification under Rule 26(g) remains appropriate).

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  October 2, 2012         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

---

[6]To the extent that Defendants request sanctions against Plaintiffs under Rule 26(g)(3), the purpose of Rule 26(g) is to make sure that the parties act "consistent with the spirit and purpose of Rules 26 through 37." Fed.R.Civ.P. 26 (Advisory Committee Noes, 1983 Amendment, Subdivision (g).) Rule 26(g)(3) requires the Court to "impose *an appropriate* sanction on the signer, the party on whose behalf the signer was action, or both." Fed.R.Civ.P. 26(g)(3). This requirement also applies when a discovery request is "interposed . . . to harass . . . , [] needlessly increase the cost of litigation . . . , [is] unreasonable []or unduly burdensome or expensive." Fed.R.Civ.P. 26(g)(1)(B). Because Defendants have violated the spirit and purpose of Rule 26, any sanctions against Plaintiff may be equally appropriate against Defendants; therefore, the Court will not impose sanctions against either Party at this time.

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 2, 2012      s/ Lisa C. Bartlett
                            Case Manager